UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOBBY WADE,<br><br>    Defendant. | Case No. 5:15-cr-00458-EJD-1<br><br>**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE**<br><br>Re: Dkt. Nos. 151, 152, 154, 161 |

Before the Court is Defendant Bobby Wade's 28 U.S.C. § 2255 motion to set aside, vacate, or remand his sentence. Title 28 U.S.C. Section 2255 Motion ("Mot."), Dkt. 152. On January 8, 2019, the Government filed an answer replying to Defendant's motion. United States' Response to Defendant's Motion ("Answer"), Dkt. 155. Defendant submitted a reply to this answer. Petitioner's Response to the Government's Response ("Reply"), Dkt. 159. He also submitted a supplement to his original Section 2255 motion, arguing the supplemental "relates back" pursuant to Rule of Civil Procedure 15(a)(c)(2)(B).[1] Movant's Supplement ("Supplement"), Dkt. 160.[2] Defendant argues his sentence should be vacated or his case remanded for an evidentiary hearing because: (1) his Fourth Amendment rights were violated by an illegally forged search warrant that

---

[1] The Court believes Defendant means Rule 15(c)(1)(B).
[2] Defendant also submitted a Motion for Newly Discovered Evidence according to Rule of Criminal Procedure 33(b)(1). This Court does not address this motion for two reasons: first, the Government has not had a chance to respond to it. Second, the Court will not issue a briefing schedule order as the motion is untimely. Pursuant to Rule of Criminal Procedure 33(b)(1), newly discovered evidence must be "filed within 3 years *after the verdict or finding of guilty*." Here, the guilty verdict was issued June 1, 2016. Verdict Form, Dkt. 109. Defendant filed the Motion for Newly Discovered Evidence on August 9, 2019—he filed it more than three years after the verdict finding him guilty. Thus, this motion is time-barred.

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

1

lacked probable cause and (2) his trial counsel was ineffective.

The Court holds that Defendant may not bring a new theory of forgery pursuant to Federal Rule of Civil Procedure 15. Further, Defendant's objections to the warrants have already been litigated, both on appeal and at trial. Finally, because Defendant cannot show deficiency and prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984), Defendant's motion is **DENIED.**

## I.  BACKGROUND

### A.  Factual Background

Defendant Bobby Wade was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) following a jury trial in May 2016. Judgment in a Criminal Case, Dkt. 125. At trial, the Government introduced evidence to establish the following:

On June 29, 2015, San Jose Police Department officers received a 911 call reporting that two men pulled a gun on someone. Dkt. 139 at ECF 15, 32–33. A responding officer saw two men who matched the caller's description and ordered the men to the ground. *Id.* at ECF 33. One of the men complied; the other, Defendant, "took off running." *Id.* After briefly losing sight of Defendant, he was found and arrested in a parking lot near an eight-foot chain-link fence. *Id.* at ECF 36. While no firearm was found on Defendant, he was arrested because he had two outstanding warrants. *Id.* at ECF 42–43. Less than an hour later, a resident of the neighborhood where Defendant was arrested found a Smith & Wesson .380 caliber pistol in a parking lot on the other side of the fence from where Defendant was arrested. *Id.* at ECF 98.

Defendant was then booked at jail. *Id.* at ECF 118–19. That night, Defendant called his sister from the jail and, after describing what happened, said "You may have to double you feel me? . . . . [N]ot where you be normally, because the people be watching out for you, but uh—feel me? Like, if you um—if you at the end, all the way to the left, the beginning, you feel me?" Dkt. 70-1, ECF at 12. Later, his sister confirmed Defendant was arrested "in the parking lot." *Id.* at ECF 15. That night, the citizen who found the gun called the police again around midnight to

report seeing two people in the parking lot who were searching for something. Dkt. 139 at ECF 120–21. Shortly after midnight, the same night, Defendant called his sister again. His sister said, "Yeah, I just talked to Keece. He told me you dropped your phone, but I didn't see it." Dkt. 70-2, ECF at 5. Defendant responded, "Yeah, that's what I was trying to tell you. . . . My phone . . . . it's—it, like, to the front is a black fence and to the left is, like, barbed wire fence and there's cars back there. . . . So I think my phone is over that fence to the left. You feel me? Probably in back. All the way to the left-hand side." Defendant's sister states she "went over there" and couldn't find the "phone." Defendant's phone, in fact, was with him when he was arrested, and he signed a form acknowledging receipt of his phone at the jail later that evening. Dkt. 139 at ECF 24. The Government thus contended at trial that "phone" really meant "gun" and that is why two people were seen searching the area where Defendant was arrested.

The following morning, Defendant spoke to his girlfriend again from jail. She stated that "Tay" (Defendant's sister) had gone back to the parking lot but had not found anything. Dkt. 70-4 at ECF 19–20. Defendant replied, "That's crazy. That's a lot of money man." *Id.* at ECF 20. He added, "That baby almost got [me] sent away forever, though. . . . There's too many [] cowards in the world. That's why man. . . . I wish [people] would get back into fighting like, you feel me? Everybody's cowards. *Everybody need a gun, you feel me?*" *Id.* (emphasis added). The Government argued at trial that this confirmed Defendant was talking about his handgun the entire time.

Next, the Government obtained a search warrant for the contents of Defendant's cell phone, which was lawfully seized by San Jose police incident to his arrest. Dkt. 14-11. There "was a substantial basis for finding probable cause to search text messages, photographs, account information, and contacts." *United States v. Wade*, 717 F. App'x 656, 657 (9th Cir. 2017). Text message data on Wade's cell phone provided further evidence that the handgun found in the parking lot on the night of the arrest belonged to him. Two weeks before his arrest, Defendant told an acquittance that he had a "2015 .380 with a beam built in." Dkt. 140 at ECF 148–49. The

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

3

firearm in this case was a .380 caliber handgun with a built-in laser sighting device. *Id.* at ECF 149–50.

At trial, DNA evidence provided final, conclusive confirmation that Defendant possessed the firearm found in the parking lot in June 2015. The Government procured a search warrant to obtain Defendant's DNA. Dkt. 155-1, Ex. A. That DNA was tested against DNA obtained from the grip of the Smith & Wesson pistol. A criminalist from the Santa Clara Crime Laboratory testified that Defendant was a major contributor to the DNA profile obtained from the grip of the gun. Dkt. 140, ECF at 54. The chance that a random person would match to the pistol in the same way was "1 in at least 300 billion." *Id.*

### B. Procedural History

After hearing this evidence, the jury returned a guilty verdict. Verdict Form, Dkt. 109. Defendant was sentenced to 96 months imprisonment and 24 months of concurrent imprisonment for violating supervised release. *See* Dkt. 124, 125.

During the trial, Defendant (through his counsel) objected to the introduction of DNA evidence, the jail calls, and the search of the cell phone. Defendant then appealed his case to the Ninth Circuit. On appeal, Defendant argued: (1) the district court erred by denying his motion to suppress evidence collected from his cell phone; (2) the district court erred when it determined his base offense level; and (3) the sentence for his supervised release violation should be vacated if the sentence on the firearms conviction was vacated. *Wade*, 717 F. App'x at 657. The Ninth Circuit affirmed Defendant's conviction after finding the warrant was supported by probable cause, resolved the district court's offense level calculation error by taking judicial notice of Defendant's prior conviction, and rejected Defendant's arguments regarding his sentence for the supervised release violation. *Id.* at 657–58.

Defendant now presents two grounds for Section 2255 relief. First, he argues the search of his cell-phone violated Supreme Court Fourth Amendment jurisprudence. Mot. at 2–7. Second, he contends he was deprived effective assistance of counsel because his counsel did not contest

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

4

the search of his DNA. *Id.* at 8–10. He also argues counsel was ineffective for not challenging the Government's motions in limine which sought to: (1) preclude Defendant from questioning the constitutional validity of his arrest and search of his cell phone; (2) preclude Defendant under Federal Rule of Evidence 698(b)[3] from introducing extrinsic evidence for impeachment purposes; (3) require the defense to proffer a basis for any *Henthorn*-type questions before examining a law enforcement officer; (4) preclude the defense from referencing punishment in front of the jury; (5) preclude the defense from referencing information it never received in violation of Federal Rule of Criminal Procedure 16(B); (6) preclude the defense from pursuing a legally legitimate affirmative defense; and (7) preclude the defense from invoking/referring to the Second Amendment right to bear arms. Mot. at 11–12; *see also* Dkt. 31.

## II. LEGAL STANDARD

Section 2255 authorizes a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence based on a violation of federal law." 28 U.S.C. 2255(a). Relief is limited to situations where "the sentence was imposed in violation of the Constitution or laws of the United States." *Id.*; *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). This motion may not be used as a second appeal. *Berry*, 624 F.3d. Accordingly, defendant is barred from re-litigating claims that have already been decided on direct appeal. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a motion has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").

If error on these grounds is found, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Following the submission of a Section 2255 motion, the court must grant an evidentiary hearing "[u]nless the motion and the files and records

---

[3] This Rule of Evidence does not exist. The Court believes Defendant is referring to Federal Rule of Evidence 608(b), which only allows the use of extrinsic evidence for impeachment in limited instances.

of the case conclusively show that the prisoner is entitled to no relief." *Id.* The court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

**III. DISCUSSION**

**A. Relation Back**

Federal Rule of Civil Procedure 15(c) prescribes how Section 2255 pleadings can be amended under the relation back doctrine. An amendment relates back when the claim asserted in the amended pleading "arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, a claim will be considered timely only if it "arise[s] from the same core facts as the timely filed claims, and not [if] the new claims depend on events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2005). New claims will not relate back, and thus escape the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year time limit, if they assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 648. Although *Felix* involved the statute of limitations governing federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254, rather than Section 2255, the "federal courts have construed these statutes of limitations harmoniously." *United States v. Palmer*, 902 F. Supp. 2d 1, 13 (D.C. Cir. 2012) (citing *Clay v. Untied States*, 537 U.S. 522, 529–32 (2003)).

Amendments that expand on or clarify facts previously alleged normally will relate back; but "those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002); *see also id.* ("Therefore, like our sister circuits, we agree that Rule 15(c) does not apply where the prisoner's amendment makes claims or is based on occurrences 'totally separate and distinct' . . . from those raised in his original motion." (collecting cases)). In contrast, "[w]hen the

nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim" and relation back is permissible because its purpose is to "fill in facts missing from the original claim." *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002). Therefore, an amendment that attempts to introduce a new legal theory based on facts different from those underlying the timely claim is unacceptable. *Hicks*, 283 F.3d at 388–89. This accords with AEDPA's concern of drawn-out, unlimited collateral attacks, and ensures the Government is not unfairly prejudiced. *Id.*

Applying this analysis to Defendant's supplement, the Court holds the supplement does not relate back. The claim raised by the supplement is entirely different from that asserted in the original Section 2255 motion (which focused on the lack of probable cause in the cell phone warrant and on ineffective assistance of counsel). The supplement, in contrast, argues the warrant lacked probable cause because the Judge's signature was forged. Supplement at 2. This is based on new facts, the Defendant's Freedom of Information Act request, and his comparison of signatures. Supplement at 2. The facts and legal theories are thus completely different. Allowing this to relate back would prejudice the Government as its Opposition did not (and could not) have addressed the supplement's arguments since they are new in both "time and form." *Mayle*, 545 U.S. at 657. Accordingly, Rule 15(c) does not permit Defendant's amendment to take shelter in the filing date of his initial application for collateral relief. Because the supplement was made more than a year after the prisoner's conviction became final, it is time-barred.

### B. Fourth Amendment Claim

Defendant has already appealed, and the Ninth Circuit has already addressed, this Fourth Amendment claim. A decision on a post-appeal Section 2255 motion must accord significance "to the existence of a final judgment perfected by appeal." *United States v. Frady*, 456 U.S. 152, 164 (1982). Indeed,

> Once the defendant's chance to appeal has been waived or exhausted, however, *we are entitled to presume he stands fairly and finally convicted*, especially when, as here, *he already has had a fair opportunity to present his federal claims to a federal forum*. Our trial

> and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect.

*Id.* at 164–65 (emphasis added).

Generally, in federal habeas cases, a defendant who "fails to raise a claim on direct appeal is barred from raising it on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). A defendant can only overcome that bar if he shows cause and prejudice for his procedural default or "actual innocence." *United States v. Ratigan*, 351 F.3d 957, 960 (9th Cir. 2003). To show cause, a defendant must show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact, however, that counsel "failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486. In other words, the defendant must show deficiency in counsel's performance to establish cause. *Id.* at 488–89. To show actual prejudice, the defendant must show the alleged error "worked to his actual and substantial disadvantage;" a showing that is "significantly greater than that necessary under 'the more vague inquiry suggested by the words "plain error."'" *Id.* at 493–94 (citation omitted). The error must have "inflict[ed] [the] entire trial with error of constitutional dimensions." *Id.* at 494.

Defendant argues that the evidence obtained from his cell phone should not have been admitted at trial. This has already been litigated. *See Wade*, 717 F. App'x 656. Further, there was ample evidence establishing probable cause to support the warrant. *See supra* I.A. (recounting the factual background of this case); Dkt. 14-11. Defendant's use of *Carpenter v. United States*, 138 S. Ct. 2206 (2018), *United States v. Camou*, 773 F.3d 932 (9th Cir. 2014), *Riley v. California*, 573 U.S. 373 (2014), and *Arizona v. Gant*, 556 U.S. 332 (2009) is unpersuasive—these cases deal with situations where the police conducted a *warrantless* search. Here, the police had a warrant; one that has repeatedly been confirmed to be valid.

Indeed, Defendant may not relitigate the validity of the cell phone warrant. *See Sanchez-*

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

8

*Llamas*, 548 U.S. at 350–51. Defendant contends that "[t]oo much time passed between [his] arrest" and the execution of the federal search warrant. Mot. at 5. Even construing Defendant's claim liberally, see *Haines v. Kerner*, 404 U.S. 519 (1972), to the extent Defendant raises staleness issues, these arguments are barred because they were not raised at the district court or on appeal. Further, Defendant cannot overcome this procedural hurdle because he cannot show prejudice. There is no case law provided by Defendant indicating that a modest delay between arrest and warrant execution creates *per se* staleness. And, there is no showing that the warrant was stale; the evidence provided to show probable cause did not "expire" and the phone data was unaltered during this delay. Defendant thus cannot overcome the procedural hurdle that blocks him from pursuing a staleness argument at this stage because he cannot even show an error in the warrant, let alone one "of constitutional dimensions." *Murray*, 477 U.S. at 494. Accordingly, the Court rejects Defendant's argument that the evidence obtained from his cell phone was inadmissible.

### C. Ineffective Assistance of Counsel Claim[4]

To prevail on an ineffective assistance of counsel claim, a convicted defendant must show:

1. His counsel's performance was "deficient"—his attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

2. This deficient performance caused "prejudice"—the errors were so serious as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The inquiry is "whether counsel's assistance was reasonable considering all the circumstances."

---

[4] The Government seems to construe Defendant's attack on the DNA search warrant as a substantive attack. The Court views it differently. Defendant seems to be attacking counsel's approach to the DNA warrant. *See* Mot. at 9. To the extent Defendant is contesting the warrant's validity, Defendant did not raise the issue before the trial court or on direct appeal and is thus barred from raising it now. *See Sanchez-Llamas*, 548 U.S. at 350–51. Further, Defendant cannot overcome the procedural barrier to raising the warrant's validity because he cannot show prejudice as the warrant was supported by probable cause. *See* Dkt. 155-1, Ex. A; Opp. at 9–10 (recounting evidence supporting warrant application). Moreover, even if probable cause was lacking, the affidavit made a "colorable argument" for probable cause and "reliance on the search warrant" was "objectively reasonable," meaning the good faith exception to the exclusionary rule applies. *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007).

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

9

1   *Id.* at 688. The defendant must show both deficiency and prejudice; if an insufficient showing is
2   made for one, the court need not consider the other. *Id.* at 697. Surmounting the *Strickland*
3   standard is "never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

In assessing trial counsel's performance, the court applies an objective standard of reasonableness and asks, "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Review is "highly deferential"—a fair assessment of counsel's performance requires that every effort be made to eliminate the "distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Due to the difficulties inherent in this evaluation, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Defendant, thus, must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" since "[t]here are countless ways to provide effective assistance in any given case." *Id.* Accordingly, counsel's judgments receive a "heavy measure of deference." *Id.* at 691.

Here, Defendant argues his counsel was ineffective for failing to challenge various motions by the Government, including the introduction of evidence obtained pursuant to the two search warrants. *See supra* I.B. First, counsel *did* object to the introduction of evidence obtained pursuant to the warrants. *See* Dkt. 13, 14, 73–75. The motions were thoroughly researched, presented the most relevant case law, and were supported by exhibits. The fact that the trial court disagreed with counsel and admitted the evidence does not make counsel's performance ineffective.

Second, Defendant goes on to argue counsel was ineffective for failing to oppose certain motions in limine filed by the Government. Mot. at 11. Mere non-opposition is insufficient to establish ineffectiveness. *Strickland*, 466 U.S. at 688–89. Counsel likely did not oppose the motions because they sought nothing more than objective compliance with the rules of evidence and applicable case law. For instance, the Government's motion regarding Federal Rule of

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

10

Evidence 608(b) was simply a restatement of the rule—contrary to Defendant's assertion, extrinsic evidence often is not allowed to impeach a witness. *See* Dkt. 31 at ECF 7. Likewise, the requirement that the defense proffer a good faith basis for any *Henthorn* questioning of a law enforcement witness is supported by Ninth Circuit case law and Federal Rule of Evidence 103(c). *See United States v. Jones*, 2005 WL 348398, at *1–3 (9th Cir. Feb. 14, 2005); *see also United States v. Williams*, 2017 WL 4310712, at *3 (N.D. Cal. Sept. 28, 2017). And, the rule that punishment not be considered by the jury is clear law. *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). As the Government's Motions in Limine brief shows, there was clear legal ground to support each motion; these were not controversial motions. *See generally* Dkt. 31. Counsel's decision not to contest these motions preserved his credibility and the court's resources, which are exactly the type of "strategic choices" *Strickland* protects—Defendant thus cannot meet his heavy burden of showing deficiency. 466 U.S. at 681 ("[A]dvocacy is an art and not a science, . . . strategic choices must be respected in these circumstances if they are based on professional judgment."). Having determined counsel was effective, the Court does not address prejudice. *Id.* at 697. Accordingly, the Court rejects Defendant's ineffective assistance of counsel claim.

### IV. CONCLUSION

Defendant has not met his burden under *Strickland* or *Sanchez-Llama*. He has thus failed to state a claim upon which relief can be granted and an evidentiary hearing would be moot. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (holding that "bald assertions of ineffective assistance" did not entitle defendant to an evidentiary hearing). Accordingly, his Section 2255 Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 24, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, REMAND, OR SET ASIDE

11