UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>BOBBY WADE,<br>　　　　Defendant. | Case No. 5:15-cr-00458-EJD-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 165, 166 |

Before the Court is Defendant Bobby Wade's Motion for Reconsideration. The Court **DENIES** Defendant's motion for reconsideration.

## I.　BACKGROUND

On October 24, 2019, the Court denied Defendant's 28 U.S.C. § 2255 Motion to Vacate, Remand, or Set Aside. Order Denying Motion to Vacate ("Order") at 1, Dkt. 163. In his motion to vacate, Defendant argued that he was deprived effective assistance of counsel and that his Fourth Amendment rights were violated. Motion to Vacate Under 28 U.S.C. § 2255 ("2255 Mot.") at 1–7, 8–10, Dkt. 152. This Court held that Defendant's Fourth Amendment arguments were already litigated, and that Defendant could not present new Fourth Amendment arguments in his 2255 Motion. Order at 2. The Court also held that Defendant failed to show that he was deprived effective assistance of counsel. *Id.*

On November 21, 2019, Defendant filed a motion for reconsideration. Movant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) ("Recon Mot."), Dkt. 165. Defendant also requested a forty-five-day extension to supplement his motion with a supporting memorandum of law and fact. Dkt. 165–1, at 1. Subsequently, on January 10, 2020, Defendant filed another

request for an additional thirty-day extension. Dkt. 166 at 1.

## II. LEGAL STANDARD

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7–9(b); *see also* Fed. R. Civ. P. 59(e). Absent these three things, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted). Improper use of Rule 59(e) includes relitigating old matters or raising arguments or presenting evidence that could have been raised prior to the entry of judgment. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## III. DISCUSSION

Defendant argues that this Court committed a clear error of law and a manifest injustice when it denied his 2255 motion. Recon Mot. at 1. Specifically, Defendant argues that (1) the conviction and sentencing under 18 U.S.C. § 922(g) was improper pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (2) the Court committed clear error when it rejected Defendant's Fourth Amendment and relation-back claim; and (3) the Court's enhanced sentencing under the United States Sentencing Guidelines Manual § 2K2.1 was erroneous. *Id.* at 2–3.

First, *Rehaif* does not affect this case. In *Rehaif*, the Supreme Court held that 18 U.S.C. § 922(g) requires the Government to prove that the defendant knowingly possessed a firearm *and* knowingly belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. at 2200. Here, the jury determined that the defendant knowingly possessed a firearm and the Parties stipulated to Wade being a felon, *i.e.* the relevant category of persons barred from

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
2

possessing a firearm. *See* Dkt. 58 at 1; Dkt. 109; *see also* 18 U.S.C. § 922(g). Accordingly, *Rehaif* has no impact on Defendant's case and thus is irrelevant for purposes of Defendant's motion to reconsider.

Second, as established in this Court's original order, Defendant is foreclosed from relitigating his Fourth Amendment claims. Order at 8. In his motion for reconsideration, Defendant argues that this Court committed a "clear error of law" because the Court did not construe Defendant's arguments to raise the strongest claim for relief. Recon Mot. at 2. As support, Defendant cites *Haines v. Kerner*, 404 U.S. 519 (1972). While it is true that pro se pleadings are held to a "less stringent standard" than formal pleadings drafted by lawyers, pro se pleadings are not excused from complying with legal standards. *See Haines*, 404 U.S. at 520. *Haines* is inapposite to this case. Here, unlike *Haines*, the Court can say beyond doubt that Defendant can prove no set of facts that would entitle him to relief. *See* Order at 8 (discussing how ample probable cause supported warrant underlying search of Defendant's cell phone). Defendant thus has not shown that the Court committed "clear error of law" and the Court rejects Defendant's attempt to relitigate his Fourth Amendment claim. *See Zimmerman*, 255 F.3d at 740.

Third, Defendant argues that this Court should reexamine his sentence. Recon Mot. at 2. He cites *Mathis v. United States*, 391 U.S. 1 (1968) and *Descamps v. United States*, 570 U.S. 254 (2013) as support. *Id.* at 2. This is the first time Defendant makes this argument. *See generally* 2255 Mot. (making a Fourth Amendment and ineffective assistance of counsel argument). The Court did not address this argument in its Order. *See generally* Order (holding that Defendant failed to establish a Fourth Amendment violation and failed to show he was deprived effective assistance of counsel). Hence, for Defendant to present this new argument, he must show that a material change in fact or law arose after the Court filed its Order. *See* N.D. Cal. Civ. L.R. 7–9(b). Defendant has not done this. *Mathis* and *Descamps* existed long before the Court issued its Order and Defendant provides no details indicating a change in fact. Accordingly, the Court rejects Defendant's resentencing argument.

Finally, Defendant maintains that the Court committed a clear error of law by holding that his

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
3

supplement did not relate back to his Section 2255 Motion. Recon Mot. at 3. The Court disagrees. Defendant's Section 2255 motion and his subsequent supplement were based on different facts and legal theories. *See* Order at 7 (holding that supplement was different in both "time and form"). Accordingly, no error of law was made and the Court rejects Defendant's relation-back argument.

## IV. CONCLUSION

Defendant has not met the standard for reconsideration. Therefore, Defendant's Motion for Reconsideration is **DENIED**.[1]

**IT IS SO ORDERED.**

Dated: February 13, 2020

EDWARD J. DAVILA
United States District Judge

---

[1] Defendant's requests for extra time to submit a supporting memorandum of law are thus also **DENIED**. *See* Dkt. Nos. 165–1, 166.

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
4