UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>BOBBY WADE,<br>　　　　Defendant. | Case No. 5:15-cr-00458-EJD-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 186 |

　　　　Before the Court is Defendant Bobby Wade's motion for reconsideration.  The Court **DENIES** Defendant's motion for reconsideration.

**I.　　BACKGROUND**

　　　　On June 16, 2020, the Court denied Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Order Denying Request for Compassionate Release ("Order") at 1, Dkt. No. 177.  In his motion for compassionate release, Defendant argued that the ongoing COVID-19 pandemic combined with Defendant's alleged chronic health conditions and race constituted "extraordinary and compelling reasons" warranting release.  Reply in Support of Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) ("3582 Reply") at 2-5, Dkt. No. 176.  The Court acknowledged Defendant's claim that he suffered from asthma, lung disease, diabetes, PTSD, and obesity, but found that Defendant's medical records showed that his asthma was under control, that he did not need an inhaler or other medication, and that his last asthmatic exacerbation was "many years ago."  Order at 4 (citing Declaration of John Bostic ¶ 2., Ex. A at 6-20).  Similarly, the Court found that Defendant's claims about his other health conditions were not supported by the medical records.  *See* Order at 4-5.  Lastly, the Court held

that Defendant's race or ethnicity and the presence of COVID-19 within the United States Penitentiary, McCreary ("USP McCreary") complex were improperly raised without support. *Id*.

On November 5, 2020, Defendant filed a motion for reconsideration. Emergency Motion for Immediate Reduction of Sentencing Reconsideration (Compassionate Release) ("Recon. Mot."), Dkt. No. 186. On November 13, 2020, the Government filed an opposition to Defendant's motion for reconsideration. ("Opp."), Dkt. No. 188.

## II. LEGAL STANDARD

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7–9(b); *see also* Fed. R. Civ. P. 59(e). Absent these three things, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. (citation and internal quotation marks omitted). Improper use of Rule 59(e) includes relitigating old matters or raising arguments or presenting evidence that could have been raised prior to the entry of judgment. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

## III. DISCUSSION

Defendant argues that new material facts have emerged since the Court's Order denying his motion for compassionate release. Defendant first claims that he has been refused treatment for his medical conditions, specifically for his asthma. Recon. Mot. at 1, 3. However, Defendant makes this claim without providing any supporting evidence indicating that his asthma now needs treatment. There have been no new medical records presented that indicate a change in Defendant's condition. Instead, Defendant attached a request for administrative remedy to his

Case No.: 5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
2

motion for reconsideration which he submitted to prison officials on June 24, 2020. Recon. Mot. at 15. Defendant made a request for an inhaler but the response to the request reveals that Defendant had not "signed up for sick call for any respiratory symptoms" since July 2019 when he informed a prison physician that his asthma "remained controlled without the need for medications." *Id*. at 16. Moreover, even if the state of Defendant's condition had changed, he has not presented any facts that explain how prison officials have been withholding treatment. Accordingly, the Court finds that no new material fact has emerged that suggests Defendant is being refused treatment for a medical condition that requires treatment.

Defendant also asserts that conditions at USP McCreary have "drastically changed for the worse" and when coupled with his medical conditions, his request for compassionate release should be reconsidered. Recon. Mot. at 1. The Court does not agree. In an accompanying letter, Defendant claims that there were forty active cases of Covid-19 at the facility. *See* Dkt. No. 187 at 1. At the time of this Order, the Federal Bureau of Prisons publicly available data, however, shows that there are currently fifteen infected individuals at USP McCreary.[1] Defendant also gives the Court no reason to believe that prison officials have removed or neglected to enforce protective measures previously put in place to protect the health of its inmates and staff. Rather, the notice from prison officials dated October 30, 2020, which Defendant attached to his motion, suggests that prison officials continue to work to minimize the risk of infection. As such, the Court has not been presented with new material evidence that warrants reconsideration.[2]

## IV.  CONCLUSION

For the foregoing reasons, Defendant has not met the standard for reconsideration. Therefore, Defendant's motion for reconsideration is **DENIED.**

---

[1] *See* http://www.bop.gov.coronavirus/index.jsp; https://www.bop.gov/locations/institutions/mcr/index.jsp

[2] The remainder of Defendant's motion for reconsideration is a resubmission of the reply brief in support of his original request for compassionate release. Pursuant to N.D. Cal. Civ. L.R. 7-9(c), Defendant's resubmission is a violation the Court's local rules and will not be considered.

Case No.:   5:15-cr-00458-EJD-1
ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
3

1   **IT IS SO ORDERED.**

2   Dated: December 22, 2020

3   _____
4   EDWARD J. DAVILA
    United States District Judge

28  Case No.: 5:15-cr-00458-EJD-1
    ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
    4